# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Civil Action No. 3:19-CV-336-GCM

| | |
|---|---|
| **WILLIAM IVES CONSULTING, INC.,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**GUARDIAN IT SYSTEMS, LLC, MARK KULJIAN, ERIC WENGER, THOMAS BRAME, and VOLUNTEER CAPITAL GROUP, LLC,**<br><br>**Defendants.** | **PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

This Case is before the Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure on a Joint Motion by Plaintiff William Ives Consulting, Inc. ("Plaintiff" or "WIC") and Defendants Guardian IT Systems, LLC ("Guardian"), Mark Kuljian ("Kuljian"), Eric Wenger ("Wenger"), Thomas Brame ("Brame"), and Volunteer Capital Group, LLC ("VCG"), (collectively, "Defendants").

**WHEREAS**, the discovery sought by Plaintiff and Defendants (collectively the "Parties") in the above-styled case is likely to involve the production of documents, things, and witness testimony containing Confidential Information; and

**WHEREAS**, the Parties have, through counsel, stipulated to the entry of this Protective Order (the "Order"), which shall apply to this civil action only, to prevent unnecessary dissemination or disclosure of Confidential Information; and

The purpose of this Order is to govern the parties' handling and disclosure of personal and proprietary information during discovery, mediation and pre-trial motions. This Order does not govern testimony at trial or any hearing; nor does this Order govern any tangible thing that may

1

be offered into evidence at any trial or hearing. Nothing in this Order should be read as authority to restrict public access to judicial records, court testimony, matters in evidence, or to any information relied upon by a court in making its decisions. Nothing in this Order should be read as authority to file any document under seal without prior authorization from this Court.

It is therefore ORDERED, that the following terms and conditions, having been agreed to by the Parties, are approved by the Court, and binding on all parties to this action:

1. The following definitions shall apply in this order:

A. The term "document" means the embodiment, in any form, of any attempt, by any means, to utilize, memorialize, or communicate thoughts or information and shall include, but not be limited to, the original and all copies, regardless of origin, location, or form of any electronically stored information, paper, pamphlet, periodical, letter, memorandum, telegram, telex, cable, other correspondence, report, record, study, note, notices, diary, calendar, working paper, chart, computer disk, computer file, electronic mail, floppy disk, hard disk, computer data storage device, book, graph, business record, appointment book, notebook, pleading, written discovery responses, or litigation paper, as well as any other tangible things on which thoughts or information is recorded;

B. The term "Confidential Documents" means any and all documents from the files or possession of any of the parties (or copies, notes, extracts, or summaries created therefrom) which contain information concerning personnel records, department records, medical information, sensitive technical, financial or business information, including but not limited to, information concerning future business opportunities, finances, strategic plans, trade secrets, and other proprietary or confidential business information, or any other matter the disclosure of which

would disadvantage, damage, or prejudice the Producing Party or any non-party. The term "Confidential Documents" specifically includes the information contained therein.

   C. The term "Confidential Information" means any and all information, whether contained in Confidential Documents or not, from any of the parties which concerns personnel, departmental, medical, financial, or proprietary matters, sensitive technical, financial or business information, including but not limited to, information concerning future business opportunities, finances, strategic plans, trade secrets, and other proprietary or confidential business information or any other matter the disclosure of which would disadvantage, damage, or prejudice the Producing Party or any non-party.

   D. The term "the Producing Party" as used herein means the party to this lawsuit who produced a document or provided information designated as "confidential" pursuant to this order.

   E. The term "Receiving Party" means a party who has received from another party a document or information designated as "confidential" pursuant to this order.

  2. None of the parties or their counsel shall use Confidential Documents produced or Confidential Information provided by any other party in this action for any purpose other than prosecution or defense of this action.

  3. If any party produces any documents which it believes constitute Confidential Documents or provides any information which it believes constitutes Confidential Information it shall stamp each such document or label such information, including deposition transcripts or portions thereof, "Confidential". Electronic records shall be marked similarly, in a reasonable manner to convey the appropriate designation (for example, in a filename) except that indices, electronic databases, or list of documents that do not contain substantial portions of images of the

text of marked documents shall not be required to be marked. Confidential designations shall be made at the time of production or, in the case of deposition transcripts, within ten (10) days of receipt of the transcript. Unless otherwise agreed by the Parties, all transcripts of testimony from depositions taken in this action shall be deemed "Confidential" for ten days (10) after receipt of a copy of said transcript by counsel of record for the Party with which the deponent was or is affiliated. Following the conclusion of any such deposition, the court reporter shall prepare a transcript for review by such counsel only. During the ten (10) day period after receipt of the transcript described above, counsel shall (1) designate by page and line those portions of the transcript (if any) which counsel determines in good faith constitute Confidential Information, (2) advise counsel for the other Party, in writing, of the designation, and (3) request that the court reporter prepare a final transcript reflecting the designations. Notwithstanding the foregoing, the provisions of this sub-paragraph of the Order shall not prevent counsel for any of the Parties from obtaining a copy of a deposition transcript immediately upon conclusion of the deposition provided that the entire transcript shall be treated as Confidential until the designation process described in this sub-paragraph is completed. If any party believes that any item thus designated should be excluded from the scope of this Protective Order, that party or its counsel shall meet and confer with counsel for the party producing the item to resolve any disagreement. If the parties are unable to resolve their differences, such other party may apply to the Court for a declaration as to whether the particular item should be within the scope of this Protective Order.

    4.    Third-party discovery: Documents, information, and tangible things a party obtains by subpoena shall be served on all other parties within ten (10) days of receipt and shall be deemed Confidential Information from the time the subpoenaing party first receives them until fourteen (14) days after they have been served on all other parties. Any party may designate such

4

Case 3:19-cv-00336-GCM   Document 25   Filed 10/06/20   Page 4 of 10

documents, information, and tangible things "Confidential" during the fourteen-day period described above. Any document, information, or tangible thing not designated "Confidential" by the third-party recipient of the subpoena or not designated "Confidential" by a party prior to the expiration of the fourteen-day period described above shall cease to be deemed Confidential Information once such period expires.

5. No person other than the Producing Party or its counsel of record shall disclose to any other person Confidential Documents or Confidential Information unless all terms and conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents and Confidential Information may be disclosed only to the following persons:

A. Counsel of record for the Receiving Party and the employees of such counsel who are assisting said counsel in preparation for the hearing or trial of this matter;

B. Receiving Party and employees of Receiving Party but only to the extent that counsel for such party shall certify that such employees' assistance is necessary for the conduct of the litigation;

C. Persons specifically retained or consulted by the Receiving Party to assist in the preparation or trial of this matter (such as consultants and other experts) who are not regular employees of the Receiving Party or counsel of record for such party, but only if such persons need the Confidential Documents or Confidential Information to render such assistance (such persons may not retain the Confidential Documents or disclose the Confidential Information after their participation in the case is ended);

  D. Any deposition or trial witness at a deposition to the extent that it is necessary to tender to such witness a Confidential Document or disclose Confidential Information to elicit testimony relevant to the matters at issue in this case;

  E. The Court and its personnel (including court reporters); and

  F. Any mediator retained by the affected parties.

6. Before any person is given access to Confidential Documents or Confidential Information under subparagraphs 5.B, 5.C, and 5.D above, the Receiving Party's counsel shall provide such person with a copy of this Order and require such person to execute a written acknowledgment in the form annexed hereto as Exhibit A that he or she understands the terms of this Order and agrees to abide by them.  (In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of the Order and obtain his or her acknowledgment one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional confidential documents or may be provided with confidential information.)  Upon written request by a Producing Party, a copy of such written acknowledgment shall be furnished to counsel for the Producing Party within 40 days after entry of final judgment or upon entry of a court order so providing, whichever comes first. In the event any non-party deponent refused to execute such written acknowledgment, such deponent may be shown the confidential documents or provided with confidential information only during his or her actual testimony and may not retain a copy of such documents.  Notwithstanding the foregoing, any party may seek an Order for exceptions under this paragraph as appropriate and for good cause shown.

7. Local Rule 6.1 governs the procedures for filing documents under seal.  Prior to a party filing with the Court information or material that another Party has designated as

Confidential ("the Designated Material"), the Party seeking to file shall confer with the Producing Party to obtain that party's position as to how much of the materials, if any, should be redacted or placed completely under seal.

8. Each person given access to Confidential Documents or Confidential Information pursuant to this Order shall keep such material strictly secure, and refrain from disclosing in any manner any such information or documents, and shall keep such documents and information confidential except as otherwise provided by the terms of this Order.

9. The inadvertent production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or of Confidential Information without a designation does not constitute a waiver of any privilege or of the right to claim confidential status. If a Producing Party discovers it inadvertently produced Privileged Material in this litigation, the Producing Party shall promptly make a good-faith representation that such production was inadvertent and request that the Receiving Party return or destroy the specific information. Within three (3) business days of receiving such a request, the Receiving Party must return or destroy the specified information and any copies it has, including electronic copies and shall further direct any other person who has received such materials to do the same. If the Receiving Party elects to destroy rather than return the Privileged Material, the Receiving Party must provide the Producing Party with a declaration sworn under the penalty of perjury stating that the Receiving Party has complied with the obligations set forth in this Order. This Order does not limit the right of any party to challenge information withheld on the basis of a privilege assertion.

10. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of Confidential Documents and Confidential Information shall continue to

Case 3:19-cv-00336-GCM   Document 25   Filed 10/06/20   Page 7 of 10

be binding upon all persons entitled to access under the terms of this Order, and the Receiving Party, regardless of the format in which that information is produced, shall, within thirty (30) days destroy all copies of confidential information provided by the Producing Party, including those provided to expert witnesses. This includes the deletion of any computer files containing confidential information, wherever they exist. Upon written request by the Producing Party, within one hundred (120) days of the conclusion of this action, including all appeals, the Receiving Party shall certify in writing compliance with this paragraph.

    11. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Documents or Confidential Material that Party must:

    A. promptly notify the designating party in writing and include a copy of the subpoena or court order;

    B. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Agreement. Such notification shall include a copy of this Agreement; and

    C. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

    12. Nothing in this Order shall: (i) preclude a Producing Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate; (ii) preclude any party from objecting to the discoverability of any documents or information on appropriate grounds; (iii) limit a party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action; or (iv) waive a party's right to object to the admissibility of documents or discovery materials.

13. The parties shall confer among themselves concerning measures which should be taken during trial of this cause to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case.

14. This Order may be modified by the Court upon application of any party for good cause shown.

15. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

SO ORDERED.

Signed: October 6, 2020

Graham C. Mullen
United States District Judge

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") in *William Ives Consulting, Inc. v. Guardian IT Systems, LLC,* Civil Action No.: 3:19-CV-336-GCM (W.D.N.C.), and understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: _____, 20\_\_

By: _____

_____

(Type or print name of individual)